J. Douglas Miller Seward County Counsel c/o Miller, Diepenbrock Goertz, P.A. 150 Plaza Drive P.O. Box 2677 Liberal, Kansas 67901
Dear Mr. Miller:
As Seward county attorney, you pose several questions concerning eligibility for good time credit for persons serving a sentence in a county jail for a third or subsequent conviction for driving under the influence of alcohol or drugs (DUI) in violation of K.S.A. 1994 Supp. 8-1567.
Initially we review the legal circumstances which give rise to your questions. Prior to the 1994 legislative session, K.S.A. 1993 Supp. 8-1567(f) provided:
 "On the third of a subsequent conviction of a violation of this section, a person shall be guilty of a severity level 9, nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500." (Emphasis added.)
The effective date of K.S.A. 1993 Supp. 8-1567(f) was July 1, 1993.
That statute stood in apparent conflict with the newly enacted sentencing guidelines which provided for a presumptive disposition of nonimprisonment for a severity level 9 nonperson felony. Attorney General Stephan was called upon to consider this conflict. In determining that the legislature intended to apply the more specific DUI statute, he opined:
 "A third or subsequent conviction for driving under the influence of alcohol or drugs is a non-grid felony which is punishable by imprisonment in a state penal institution for a minimum of 90 days." (Emphasis added.) Attorney General Opinion No. 94-43.
The 1994 legislature then amended both section (f) of K.S.A. 1993 Supp. 8-1567, the DUI statute, and section (i) of K.S.A. 1993 Supp. 21-4704, the provision of the sentencing guidelines which addresses sentencing for a third of subsequent conviction for DUI, in relation to the place of incarceration.
The amendment to subsection (f) of the DUI statute deleted the reference to "severity level 9"; K.S.A. 1994 Supp. 8-1567(f) now provides:
 "On the third or a subsequent conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500."
Subsection (i) of K.S.A. 1994 Supp. 21-4704 within the sentencing guidelines, now provides:
 "The sentence for the violation of the felony provision of K.S.A. 8-1567 and amendments thereto shall be as provided by the specific mandatory sentencing requirements of that section and shall not be subject to the provisions of this section or K.S.A. 1994 Supp. 21-4707 and amendments thereto. Notwithstanding the provisions of any other section, the term of imprisonment imposed for the violation of the felony provision of K.S.A. 8-1567 and amendments thereto shall not be served in a state facility in the custody of the secretary of corrections."
The effective date for both K.S.A. 1994 Supp. 8-1567(f) and K.S.A. 1994 Supp. 21-4704(i) was July 1, 1994.
Following enactment of the above amendments Attorney General Stephan was called upon to determine whether a person whocommitted a third or subsequent DUI between July 1, 1993 and July 1, 1994 but was convicted after July 1, 1994 should serve the sentence in the custody of the secretary of corrections or in the local county jail. In response he opined:
 "The new subsection (i) [in K.S.A. 1994 Supp. 21-4704] does not affect the substantive rights of the parties. It does not change what acts are crimes nor the punishment. It merely specifies the facility where the defendant will serve the term of imprisonment. It is therefore our opinion that the above subsection (i) is procedural in nature and should be applied retroactively to the crimes committed before July 1, 1994." Attorney General Opinion No. 94-161.
Consequently it was concluded that such persons should serve their sentence in a county jail.
You now pose several questions in relation to Attorney General Opinion No. 94-161 pertaining to the conclusion of retroactive applicability of K.S.A. 1994 Supp. 21-4704(i) and eligibility for good time credit for a person serving a sentence for a third or subsequent DUI conviction in a county jail.
You initially ask our opinion regarding the following:
 "1. Assuming, in accordance with AG Opinion #94-161, that the July 1, 1994 amendment to K.S.A. 21-4704 is to be applied retroactively and that prisoners are to serve their sentence in the County jail, is such a prisoner eligible for up to 20% reduction of sentence for good time served, notwithstanding he is serving the time in jail and not in custody of the Secretary of Corrections?
 "2. Whether K.S.A. 21-4722 applies to a prisoner in jail requiring a County to develop a policy as mandated by K.S.A. 21-4722
`whereby good behavior by inmates is the expected norm and negative behavior will be punished; and . . . the amount of time which can be earned by an inmate and subtracted from any sentence is limited to any amount equal to 20% of the prison part of the sentence." (Emphasis original.)
For reasons discussed below, in our opinion the answer to your first two questions is "no."
We assume your questions are premised on the legislative categorization of a third or subsequent DUI conviction as a "felony" as there is no statutory provision for good time credit for misdemeanor convictions. Through enactment of the 1994 amendments discussed above, the legislature clearly indicated that although a third and subsequent DUI conviction is still to be considered a felony, the place of incarceration is not in the custody of the secretary of corrections.
By definition a felony is a crime punishable by death or by imprisonment in any state correctional institution or a crimewhich is defined as a felony by law. K.S.A. 1994 Supp. 21-3105. (We note this statute was also amended by the 1994 legislature by the addition of the underlined language. L. 1994, ch. 291, sec. 90.) Thus a crime, merely by virtue of being classified as a felony, no longer necessarily implies potential incarceration in the custody of the secretary of corrections; nor does it trigger all corresponding incidents of serving a sentence in the secretary's custody. One such corresponding incident pertains to "good time calculations."
K.S.A. 1994 Supp. 21-4706 (a) provides:
 "For crimes committed on or after July 1, 1993, the sentences of imprisonment shall represent the time a person shall actually serve, subject to a reduction of up to 20% of the primary sentence for good time as authorized by law."
 "Good time" refers to a method of behavior control or sanctions utilized by the department of corrections which can result in a decrease of up to 20% of the prison part of the sentence. K.S.A. 1994 Supp. 21-4703(j).
K.S.A. 1994 Supp. 21-4722 authorizes the secretary of corrections to adopt rules and regulations for purposes of determining release of an inmate for a crime committed on or after July 1, 1993 with regard to good time calculations. Following enactment of L. 1992, ch. 239, sec. 22, now K.S.A. 1994 Supp. 21-4722, the secretary of corrections adopted a regulation which implemented that statute. K.A.R. 44-6-146 permits an inmate incarcerated "for crimes, other than off-grid crimes, committed on or after July 1, 1993" to earn good time credits which result in "an earlier release date from imprisonment." In addition the regulation establishes a number of factors to be considered in the determination of earning and withholding of good time credits.
The statutes cited pertain specifically to the secretary of corrections and inmates within his custody. Accordingly, in our opinion "good time credits" or "good time calculations" are applicable only to persons serving a sentence in the custody of the secretary of corrections upon conviction of a felony. Consequently a person serving a sentence for a third or subsequent DUI conviction in a county jail is not eligible for "good time calculations." In addition, neither chapter 21 nor 22 of the Kansas statutes requires or authorizes a county to develop a policy regarding good time calculations for such persons.
You also ask the following question:
 "3. If you are of the opinion that prisoners are not eligible for up to 20% good time credit, would this change your office's opinion as to the retroactive application of the July 1, 1994 amendments to K.S.A. 21-4704 in that the substantive rights of the prisoners are indeed affected by the deprivation of the opportunity for up to a 20% reduction for good time served?" (Emphasis original.)
Your third question is more problematic than the first two. As mentioned earlier the conclusion in Attorney General Opinion No.94-161 was based on an understanding of the 1994 amendment to K.S.A. 1993 Supp. 21-4704(i) as a procedural change affecting onlywhere the term of imprisonment would be served. Your question asserts the position that the 1994 amendment makes not only a procedural change, but also a substantive change, i.e. loss of an opportunity to reduce the amount of time served by up to 20%, and therefore may only lawfully be applied prospectively.
From July 1, 1993 until July 1, 1994, the law provided that a third or subsequent DUI offender serve the required sentence in the custody of the secretary of corrections. Consequently, during that year the last step of the prosecution process led such an offender into the secretary's custody. The 1994 legislature altered the path and provided that the last step lead into a county jail. The sentence prescribed before and after July 1, 1994 remained the same (not less than 90 days nor more than one year's imprisonment); the place of incarceration changed. The "good time credit statutes," K.S.A. 1994 Supp. 21-4706(a), K.S.A. 1994 Supp. 21-4703(j) and K.S.A. 1994 Supp. 21-4722, were in effect in substantially their present form during the time period July 1, 1993 to July 1, 1994. K.A.R. 44-6-146 became effective September 13, 1993. Nothing appears in either the "good time credit" statutes or the implementing regulation which would have precluded a third or subsequent DUI offender serving a sentence in the custody of the secretary of corrections from eligibility for good time credits. As discussed above credit for good time is not statutorily available to a person serving a sentence in a county jail.
 "Regarding retroactivity, the general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates the legislature intended that it operate retrospectively. This rule is modified where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties. The prescription of a punishment for a criminal act is substantive, not procedural, law." Chiles v. State, 254 Kan. 870 (1994)
However, the effect, i.e. the legal consequences, as well as the form of the law must be taken into account in determining whether a change is procedural or substantive. Weaver v. Graham,450 U.S. 24, 67 L.Ed.2d 17, 101 S.Ct. 960 (1981). That case addressed a change in Florida law which reduced the availability of good time credits (called "gain time"); the state applied this law retrospectively. The court held that the law was unconstitutional as an ex post facto law.
 "The ex post facto prohibition forbids the Congress and the States to enact any law `which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' Through this prohibition, the Framers sought to assure that legislative acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." 450 U.S. at 28-29, 67 L.Ed.2d at 22-23.
A criminal or penal law runs afoul of the ex post facto prohibition if it applies to events occurring before its enactment and thereby disadvantages the offender. Weaver v.Graham, supra. In its decision, the United States Supreme Court found that the loss of availability of gain time was a disadvantageous legal consequence attached to acts completed before the statute's effective date. That gain time was a matter of legislative grace was of no consequence.
 "The presence or absence of an affirmative, enforceable right is not relevant, however, to the ex post facto prohibition, which forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred. Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Thus, even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the clause if it is both retrospective and more onerous than the law in effect on the date of the offense." 450 U.S. at 30-31, 67 L.Ed.2d at 24.
The court reasoned that gain time "in fact is one determinate of petitioner's prison term — and his effective sentence is altered once this determinant is changed," 450 U.S. 33, 67 L.Ed.2d at 25, and then concluded:
 "For prisoners who committed crimes before its enactment [the statute] substantially alters the consequences attached to a crime already completed, and therefore changes `the quantum of punishment.' Therefore, it is a retrospective law which can be constitutionally applied to petitioner only if it is not to his detriment." 450 U.S. 33, 67 L.Ed.2d at 25.
In relation to persons convicted of a third or subsequent DUI, the "quantum of punishment" was likewise changed by the 1994 amendments to K.S.A. 1993 Supp. 8-1567 and to K.S.A. 1993 Supp.21-4704(i). Taking this into account, we now conclude that substantive rights were affected by the 1994 amendments. Consequently, pursuant to Weaver v. Graham, supra, and Chiles,supra, the amendments should be applied prospectively, i.e., only to offenses committed after July 1, 1994.
Attorney General Opinion 94-161 is withdrawn to the extent that it conflicts with this opinion.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:bas